(Official Form 1) (9/01)     FORM B1, Page 1

| FORM B1. United States Bankruptcy Court<br>Northern District of Mississippi | Voluntary Petition |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Simmons, Watson** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**Simmons, Mary Jane** |
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>115 Westwood Drive<br>Eupora, MS 39744 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>115 Westwood Drive<br>Eupora, MS 39744 |
| County of Residence or of the<br>Principal Place of Business: **Webster** | County of Residence or of the<br>Principal Place of Business: **Webster** |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

Location of Principal Assets of Business Debtor
(if different from street address above):

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- [x] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | |
|---|---|---|---|
| [x] Individual(s) | [ ] Railroad | [ ] Chapter 7   [ ] Chapter 11   [x] Chapter 13 | |
| [ ] Corporation | [ ] Stockbroker | [ ] Chapter 9   [ ] Chapter 12 | |
| [ ] Partnership | [ ] Commodity Broker | [ ] Sec. 304 - Case ancillary to foreign proceeding | |
| [ ] Other _____ | | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| [x] Consumer/Non-Business   [ ] Business | [x] Full Filing Fee Attached<br>[ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |

**Chapter 11 Small Business** (Check all boxes that apply)
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101
- [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (Estimates only)
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over | |
|---|---|---|---|---|---|---|---|
| | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

THIS SPACE IS FOR COURT USE ONLY

Filed 08-04-03 at 9:00 A.M.
United States Bankruptcy Court
Northern District of Mississippi
Joseph E. Wroten, Clerk
By: C. Howell   DC

1-1
03-14905


DEFENDANT'S EXHIBIT B

(Official Form 1) (9/01)            FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Watson Simmons, Mary Jane Simmons** |
|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: **NONE** | Case Number: | Date Filed: |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Watson Simmons* (signed)
Signature of Debtor

X *Mary Jane Simmons* (signed)
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date: 8/1/03

**Signature of Attorney**

X *(signed)*
Signature of Attorney for Debtor(s)
**Julie Ratliff Galloway, 10185**
Printed Name of Attorney for Debtor(s) / Bar No.
**Bond, Botes and Galloway, P.C.**
Firm Name
**P.O. Box 3303 Tupelo, MS 38803-3303**
Address

662-842-5761      662-842-5763
Telephone Number

Date: 8/1/03

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X *(signed)*     8/1/03
Signature of Attorney for Debtor(s)     Date

**Exhibit C**
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

Social Security Number

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X **Not Applicable**
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Serial: 116304

# IN THE SUPREME COURT OF MISSISSIPPI

No. 2004-IA-01308-SCT

**FILED**

AUG 2 6 2004

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

*HAROLD'S AUTO PARTS, INC., ET AL.*   *Petitioners*

v.

*FLOWER MANGIALARDI, ET AL.*   *Respondents*

### ORDER

This matter is before the Court, en banc, on the Petition for Permission to Appeal From an Interlocutory Order and Motion for Stay filed by counsel for Petitioners. Also before the Court is the response and supplemental response filed by counsel for Respondents. Petitioners seek to appeal an interlocutory order of the Circuit Court of Bolivar County, Mississippi, which denied petitioners' motion to sever filed therein.

After due consideration, the Court finds that the petition for interlocutory appeal is well taken and should be granted. The Court further finds that no further briefing is needed, and we shall proceed to a consideration of the merits.

This interlocutory appeal concerns joinder of multiple plaintiffs in an asbestos, mass tort litigation case. This matter is controlled by *Jansen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092 (Miss. 2004). Even though asbestos litigation is, indeed, a "mature tort," as discussed in dicta in *Armond*, this Court did not intend in that case, and we shall not proceed



here, to exempt asbestos cases from the requirements of Rule 20, of the Mississippi Rules of Civil Procedure.

The case before us has endured seven amended complaints, and now involves the claims of 264 plaintiffs against 137 named defendants who have identified approximately 600 different employers where asbestos exposure might have taken place. Approximately 220 of the plaintiffs are unable to identify any employment within the state of Mississippi. The complaint provides virtually no helpful information with respect to the claims asserted by the individual plaintiffs. We are provided the following allegations and information regarding the plaintiffs:

1. names and social security numbers;

2. they are "resident citizens of the State of Mississippi, or other states of the United States, or are personal representatives or wrongful death beneficiaries of deceased plaintiffs (we are not told which plaintiffs are citizens and which are representatives or beneficiaries);

3. they were exposed to asbestos products which were "mined, designed, specified, evaluated, manufactured, packaged, furnished, supplied and/or sold" by defendants during "all or part of the period 1930 through the present" (we are not told which plaintiffs were exposed to which products manufactured by which defendants; nor are we told when any particular plaintiff was exposed during the seventy-five year period);

In essence, we are told that 264 plaintiffs were exposed over a 75-year period of time to asbestos products associated with 137 manufacturers in approximately 600 workplaces. We are not told which plaintiff was exposed to which product manufactured by which defendant in which workplace at any particular time. We do not suggest that this lack of

2

basic information is the result of recalcitrance on the part of plaintiffs' counsel; perhaps plaintiffs' counsel has not furnished the information.

Defendants have strenuously objected to the failure and/or refusal of plaintiffs' to provide the information. They point out that it is impossible to argue to the trial court that joinder was improper, because they aren't provided basic information about each of the plaintiffs. Curiously, rather than filing a motion for more definite statement, or to dismiss, defendants' simply seek the information "as soon as practicable." The defendant's further argue that Rule 20 requires the disclosure to be made.

The position stated by plaintiffs is that defendant's do not need the information right now, since there apparently is a plan to try the cases, one at a time.

We find that all have missed the mark. This matter should not be before us because of a failure to comply with Rule 20, but rather because of an abuse of, and failure to comply with, Rules 8, 9, 10 and 11. What is referred to as "core information" and "disclosure" is basic information which should be known to plaintiffs' counsel *prior* to filing the complaint, not information to be developed in discovery or disclosure. The information should have been included in the complaint.

Complaints should not be filed in matters where plaintiffs intend to find out in discovery whether or not, and against whom, they have a cause of action. Absent exigent circumstances, plaintiffs' counsel should not file a complaint until sufficient information is obtained, and plaintiffs' counsel believes in good faith that *each plaintiff* has an appropriate cause of action to assert against a defendant in the jurisdiction where the complaint is to be

3

filed. To do otherwise is an abuse of the system, and is sanctionable. *See* Miss. R. Civ. P., Rule 11.

Rule 20 allows joinder only where the plaintiffs make certain assertions which demonstrate the matters set out in the rule. In this regard, plaintiffs have wholly failed. Indeed, plaintiffs have not even attempted to provide the information. They presume that they are entitled to proceed with their suit, as filed, and they will demonstrate later that joinder is proper. We can only presume from the record before us that plaintiff take this course because they don't know whether or not joinder is appropriate. This is so, apparently, because they don't know the claims of each plaintiff. They don't appear to know when they were exposed, where they were exposed, by whom they were exposed, or even if they were exposed. Presumably, when they learn this information, plaintiffs' counsel intends to dismiss those who should not have been joined. This is a perversion of the judicial system unknown prior to the filing of mass-tort cases.

We must point out that not all cases involving multiple plaintiffs and/or defendants which have come before this Court appear to have been filed in this manner. We note cases where counsel for the plaintiffs appear to have interviewed each plaintiff, investigated their claims, and developed information necessary to file a complaint on their behalf.

But here, not only have plaintiffs failed to furnish their counsel the necessary information to file the complaint, but plaintiff's counsel continues to resist furnishing to defendants and the court.

4

Incredibly, plaintiffs asked the trial court to set aside its order of certification for interlocutory appeal, claiming they got no notice of the motion, and that "[p]laintiffs were never afforded any of their constitutional rights of due process to contest such a motion." This complaint comes to us from plaintiffs who, more than three years ago, filed suit against 137 defendants; who have amended their complaint six times; and who are apparently unable to explain to the trial court, this Court, or to the defendants, exactly who each plaintiff has sued, and why.

We hereby reverse the trial court's June 23, 2004, Order, insofar at it denies the plaintiffs' motion to sever, and we order severance as to each plaintiff. We hold that plaintiffs have wholly failed in their obligation to assert sufficient information to justify joinder and, accordingly, this matter is remanded to the trial court for a transfer of each plaintiff to an appropriate court of venue and jurisdiction, where known. The trial court is hereby directed to dismiss, without prejudice, the complaint of each plaintiff who fails, within forty-five days of the date of this Order, to provide the defendants and trial court with sufficient information for such determination, and transfer if warranted. Such information must include, at a minimum, the name of the defendant or defendants against whom each plaintiff makes a claim, and the time period and location of exposure.

IT IS THEREFORE ORDERED that the Petition for Interlocutory Appeal by Permission filed by counsel for petitioners is hereby granted.

IT IS FURTHER ORDERED that this matter is hereby remanded to the Circuit Court of Bolivar County, Mississippi, for entry of an order granting the petitioners' motion to sever in accordance with the provisions of this Order.

IT IS FURTHER ORDERED that the Circuit Court of Bolivar County shall dismiss, without prejudice, each plaintiff who fails to provide the defendants and the court, within forty-five days of the date of this Order, with sufficient information as specified herein which allows the trial court to determine the appropriate court for transfer.

IT IS FURTHER ORDERED that Respondents are taxed with all costs of this appeal.

SO ORDERED, this the 23rd day of August, 2004.

JAMES W. SMITH, JR., CHIEF JUSTICE
FOR THE COURT

TO GRANT: SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES AND DICKINSON, JJ.

TO DENY: EASLEY. J.

NOT PARTICIPATING: DIAZ AND RANDOLPH, JJ.

6

Serial: 116568

**IN THE SUPREME COURT OF MISSISSIPPI**

No. 2004-M-00289-SCT

**FILED**

AUG 26 2004

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

3M COMPANY

*Petitioner*

v.

SIMEON JOHNSON, ET AL.

*Respondents*

### ORDER

This matter is before the Court en banc on the Petition for Permission to Appeal From an Interlocutory Order filed by counsel for the 3M Company. After due consideration, the Court finds that the petition should be granted.

IT IS THEREFORE ORDERED that the Petition for Permission to Appeal From an Interlocutory Order filed by counsel for the 3M Company is hereby granted. The notice of appeal shall be deemed to have been filed and the filing fee is due and payable to the Clerk of this Court. The appeal of the matter shall proceed as required by M.R.A.P. 10 and 11.

IT IS FURTHER ORDERED that the trial court proceedings are hereby stayed pending resolution of this appeal.

SO ORDERED, this the 20th day of August, 2004.

JAMES W. SMITH, JR., CHIEF JUSTICE
FOR THE COURT

TO GRANT: SMITH, C.J., COBB, P.J., CARLSON AND DICKINSON, JJ.
TO DENY: EASLEY, J.

NOT PARTICIPATING: WALLER, P.J., DIAZ, GRAVES AND RANDOLPH, JJ.