the defendants principal place of business, c/o Craig C. Barto, President, 1041 W. 18th Street, #A101, Costa Mesa, California 92627.

68.     Defendant **SOLUTIA, INC., formerly known as Monsanto**, is a Delaware Corporation doing business in the State of Mississippi and may be served with citation by serving its registered agent: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

69.     Defendant **SUN COMPANY, INC.** is a Pennsylvania corporation that no longer maintains a registered agent in the State of Mississippi. Pursuant to the long-arm jurisdiction of this state, the defendant may be served with process by serving the Mississippi Secretary of State with process to be forwarded to the defendants registered agent in Pennsylvania at CT Corporation, 1515 Market Street, Philadelphia, Pennsylvania 19102.

70.     Defendant **SUN OIL COMPANY** is a Delaware corporation doing business in the State of Mississippi and may be served with citation by serving its registered agent, to wit: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

71.     Defendant **TEXACO CHEMICAL COMPANY, Individually and as successor-in-interest to JEFFERSON CHEMICAL CO.**, is a Delaware corporation doing business in the State of Mississippi. Pursuant to the long-arm jurisdiction of this state, the defendant may be served with process by serving the Mississippi Secretary of

18

State with process to be forwarded to the defendants principal place of business at 500 Huntsman Way, Salt Lake City, Utah 84108.

72.     Defendant **TEXACO, INC., individually and as successor-in-interest to Jefferson Chemical**, is a Delaware corporation doing business in the State of Mississippi and may be served with citation by serving its registered agent, to wit: Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

73.     Defendant, **TEXACO REFINING & MARKETING, INC.**, is a Delaware corporation doing business in the State of Mississippi and may be served with citation by serving its registered agent, to wit: Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

74.     Defendant **TOTAL FINA ELF SERVICES, INC., Individually and formerly known as Cosden Oil & Chemical Company**, is a Delaware corporation doing business in the State of Mississippi.  Defendant may be served with process by serving its registered agent for service, to wit:  CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

75.     Defendant, **UNION CARBIDE CORPORATION**, is a New York corporation doing business in the State of Mississippi.  Defendant may be served with process by serving its registered agent for service, to wit:  CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

76.     Defendant, **UNION OIL COMPANY OF CALIFORNIA a/k/a UNOCAL,** is a California corporation doing business in the State of Mississippi. Defendant may be served with process by serving its registered agent for service, to wit: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

77.     Defendant, **UNION PACIFIC RESOURCES COMPANY,** is a Delaware corporation doing business in the State of Mississippi. Defendant may be served with process by serving its registered agent for service, to wit: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

78.     Defendant **UNIVAR U.S.A., INC., individually and formerly known as DSW, Inc., Van Waters & Rogers, Inc., Vopak U.S.A., Inc. and Washington DSW, Inc.,** is a Washington corporation doing business in the State of Mississippi. Defendant may be served with process through its registered agent for service, to wit: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

79.     Defendant **UNITED STATES STEEL CORPORATION, Individually, f/k/a United States Steel LLC, and f/k/a USX Corporation,** is a Delaware corporation doing business in the State of Mississippi. Defendant may be served with process through its registered agent for service, to wit: National Registered Agents, 840 Trustmark Building, 248 East Capitol Street, Jackson, Mississippi 39201.

80.     Defendant **USX CORPORATION, Individually, f/k/a U.S. Steel Company, f/k/a United States Steel Corporation and as a subsidiary of Marathon Oil Company,** is a Delaware corporation doing business in the State of Mississippi.

20

Defendant may be served with process through its registered agent for service, to wit: Prentice-Hall Corporation System, 506 South President Street, Jackson, Mississippi 39201.

81.     Defendant **VALERO ENERGY CORPORATION, Individually and formerly known as Saber Energy, Inc. and Valero Refining and Marketing Company and as Successor In Interest to Ultramar Diamond Shamrock f/k/a Diamond Shamrock Corporation**, is a Delaware corporation doing business in the State of Mississippi.  Defendant may be served with citation through its registered agent for service, to wit: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232.

82.     Defendant **VAN WATERS & ROGERS CORPORATION** is a Washington corporation doing business in the State of Mississippi. Pursuant to the long-arm jurisdiction of this state, the defendant may be served with process by serving the Mississippi Secretary of State with process to be forwarded to the defendants principal place of business c/o Joel Summer, 6100 Carillion Point, Kirkland, Washington 98033.

83.     Defendant **VELSICOL CHEMICAL CORPORATION** is a Delaware corporation doing business in the State of Mississippi and may be served through its registered agent for service, to wit: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

84.     Defendant **MOTIVA COMPANY** is a Delaware Corporation doing business in the State of Mississippi and may be served with citation by serving its registered

21

agent: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

85. Defendant **MOTIVA ENTERPRISES, LLC** is a Delaware Corporation doing business in the State of Mississippi and may be served with citation by serving its registered agent: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

86. Defendant **NOVA CHEMICALS INC.,** is a Delaware Corporation doing business in the State of Mississippi and may be served with citation by serving its registered agent: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

87. Defendant **ULTRAMAR DIAMOND SHAMROCK CORPORATION** is a Delaware corporation doing business in the State of Mississippi. Pursuant to the long-arm jurisdiction of this state, the defendant may be served with process by serving the Mississippi Secretary of State with process to be forwarded to the defendants principal place of business at 6000 North Loop 1604 West, San Antonio, Texas 78249.

88. Defendant **RADIATOR SPECIALTY COMPANY,** is a North Carolina corporation doing business in the State of Mississippi. Defendant may be served with process at its principal place of business at Post Office Box 34689, Charlotte, North Carolina 28234.

89. In addition to the Defendants identified above, there are Defendants whose identifies are presently unknown to Plaintiffs. These unknown Defendants are

22

identified as "**John Doe" Defendants #1-100** and **"John Doe" Defendants # 101 -**

**200** pursuant to Rule (h) of the Mississippi Rules of Civil Procedure. Every allegation in

the complaint is an allegation and a filing as of this date against each "John Doe"

Defendant.

## BACKGROUND

Plaintiffs were exposed to dangerous levels of toxic and carcinogenic chemicals

and substances, including but not limited to solvents, naptha, toluene, benzene,

benzene containing products, vinyl chloride, and/or other carcinogens supplied and/or

manufactured by Defendants. Plaintiffs' exposures to these chemicals and solvents

directly and proximately caused their injuries and diseases.

Defendants are liable in their capacity for manufacturing, selling, marketing,

distributing, and/or designing products that were defective, hazardous and/or

carcinogenic. Defendants are liable in their capacity as suppliers, manufacturers,

entities that marketed hazardous chemicals or substances, as entities that retained the

right to control or exercised control over Plaintiff, and/or creators of dangerous

conditions. Defendants failed to warn employees, invitees, contractors, end-users,

customers, purchasers and the general public of the dangers associated with

occupational exposure to these chemicals and products.

At all times relevant to Plaintiffs' Complaint herein, the Defendants breached the

duties owed to plaintiffs herein by failing to provide any adequate warning or other

23

information sufficient to provide foreseeable users with knowledge that safety precautions could have, and should have, been taken and/or provided. This breach proximately caused plaintiffs' injuries and damages complained of herein.

The Defendants herein breached this duty owed to Plaintiffs herein by negligently and/or intentionally failing to provide any warning or other information sufficient to provide end users with knowledge that safety precautions could have, and should have, been taken and/or provided. This breach proximately caused plaintiffs' injuries and damages complained of herein.

Through industry and medical studies, the existence of which studies were unknown to Plaintiffs, each of the Defendants knew or should have known of the health hazards inherent in the chemical-containing products they were selling, manufacturing, distributing or designing. Instead of warning the Plaintiffs, and other intended or foreseeable users and bystanders, and the general public about these dangers, the Defendants ignored or actively concealed such information. Said actions or inactions, among other things, constitute gross negligence and demonstrate a callous disregard for the rights and safety of others, justifying the imposition of punitive damages against the Defendants herein.

In connection with the Plaintiffs' work during the exposure period, they were exposed to significant quantities of toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogens, having neither knowledge nor reason to believe these products were dangerous.

24

As a direct and proximate contributing result of having been exposed to the subject chemicals and products during the exposure period, the Plaintiffs have received injuries, both physically and mentally, including, without limitation cancer and other chemically-related illnesses.

Plaintiffs would further show that as a direct and proximate result of having been exposed to these chemicals, the Plaintiffs received permanent and painful injuries. Plaintiffs have suffered and will continue to suffer damages including but not limited to physical pain, mental anguish, loss of wages, loss of wage earning capacity, disfigurement, disability, medical and pharmaceutical expenses and loss of the enjoyment of life.

Because of the latency period of the above described injuries, and because of the active concealment by the Defendants of the causes and effects of exposure to toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogens, the Plaintiffs have only recently discovered their injuries and the cause of such injuries. Plaintiffs invoke the discovery rule as that term is commonly known and understood.

### COUNT ONE

### (Strict Liability)

Plaintiffs reallege and incorporate herein the foregoing allegations of this Complaint.

The Defendants and/or their predecessor entities were engaged in, or materially participated with others in, the business of selling toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogens which was expected to and did reach various locations in Mississippi and other locations without substantial change in the condition in which it was sold, and where said chemicals and products containing these chemicals were exposed to Plaintiff in connections with his work or otherwise.

The products were in a defective condition and unreasonably dangerous to the Plaintiffs, who were intended and foreseeable users and/or bystanders during the use of these chemicals and products containing these chemicals. These defects include, without limitation, the following:

1.  Inherent and known properties common to the toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogenic products sold by the Defendants that gave it unreasonably high potential for causing cancer and other health problems to workers or others exposed.

2.  Lack of warnings or lack of adequate warnings by the Defendants, who were in a position of superior knowledge concerning the dangerous properties of toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogenic products when used for

26

the purpose for which it was manufactured and sold, and which

dangerous propensities were unknown to the Plaintiffs;

3.     Lack of instructions or lack of sufficient instructions by the Defendants for

eliminating or minimizing the health risks inherent in the use of toxic and

carcinogenic chemicals and substances, including but not limited to

solvents, naptha, toluene, benzene, benzene containing products, vinyl

chloride, and/or other carcinogenic products;

4.     Lack of reasonable inspections by the Defendants of their toxic and

carcinogenic chemicals and substances, including but not limited to

solvents, naptha, toluene, benzene, benzene containing products, vinyl

chloride, and/or other carcinogenic products to ensure that such products

contained sufficient warnings of the dangerous properties of these

chemicals and products containing these chemicals;

5.     Lack of reasonable inspections by the Defendants of their toxic and

carcinogenic chemicals and substances, including but not limited to

solvents, naptha, toluene, benzene, benzene containing products, vinyl

chloride, and/or other carcinogenic products to ensure that such products

contained sufficient instructions for eliminating or minimizing the health

risks inherent in the use of these chemicals;

6.     Lack of tests or lack of sufficient tests by the Defendants to determine

and/or eliminate the harmful effects of toxic and carcinogenic chemicals

and substances, including but not limited to solvents, naptha, toluene,

27

benzene, benzene containing products, vinyl chloride, and/or other carcinogenic products on intended users and bystanders;

7.    Defective designs by the Defendants calling for the inclusion of toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogens that did not require this chemical, and where alternate, equally suitable substances were available;

8.    Lack of warnings or lack of sufficient warnings by the Defendants upon their discovering the full extent of the dangers presented by toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogenic products; and

9.    Such other acts and/or omissions that may be learned in the discovery process and/or proven at trial.

Each of the Defendants knew or should have known that the Plaintiffs would be exposed to their toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogenic products without an inspection of the medical literature by the Plaintiffs on the adverse health effects of these chemicals. By marketing these chemicals or products containing these chemicals the Defendants represented to the Plaintiffs to the public, who justifiably relied thereon, that these chemicals or products containing these chemicals were not dangerous.

28

The defective conditions of the Defendants' toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogenic products proximately caused or proximately contributed to the Plaintiffs' injuries and damages as described in this complaint.

### COUNT TWO

### (Negligence)

The Plaintiffs reallege and incorporate herein the foregoing allegations of this Complaint.

Each of the Defendants had, but breached, duties to the Plaintiffs to exercise the highest standard of care in designing, testing, manufacturing, marketing and selling toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogens which is an extraordinarily and inherently dangerous substance. The breached duties included, without limitation, the following:

a.  To select types of products or available alternate materials that would reduce or eliminate health hazards to those who would work with, and in the vicinity of toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogens.

29

b.      To warn adequately of the health hazards known by the

Defendants to be associated with the use of these chemicals.

c.      To instruct adequately in methods of using toxic and carcinogenic

chemicals and substances, including but not limited to solvents, naptha,

toluene, benzene, benzene containing products, vinyl chloride, and/or

other carcinogens that would reduce the danger of inhalation or dermal

contact with these chemicals.

d.      To test adequately the toxic and carcinogenic chemicals and substances,

including but not limited to solvents, naptha, toluene, benzene, benzene

containing products, vinyl chloride, and/or other carcinogens to determine

the dangers concomitant with their use.

e.      To develop and utilize a substitute material or chemical to eliminate

the use of the subject chemicals.

f.      To remove the products containing the subject chemicals from the stream

of commerce upon discovering their dangerous properties.

j.      To inspect the toxic and carcinogenic chemicals and substances,

including but not limited to solvents, naptha, toluene, benzene, benzene

containing products, vinyl chloride, and/or other carcinogens for adequate

warnings and instructions.

As a direct and proximate result of the Defendants' aforesaid breaches of their

duties to the Plaintiffs, they have sustained the injuries and damages described in this

Complaint.

30

In breaching, and/or conspiring with, aiding, abetting or materially assisting others in breaching, their duties to the Plaintiffs, as described above, the Defendants acted intentionally and/or with gross negligence, and/or recklessly, maliciously and wantonly in that the Defendants and each of them knew or should have known through data available exclusively to them that toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogens were inherently and extraordinarily dangerous if used in the manner intended and foreseen by the Defendants, and that each of their aforesaid breaches of duty would result in the complained injuries to the Plaintiffs and/or Decedents.

### COUNT THREE

### (Breach of Warranties)

Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint.

The Plaintiffs reasonably relied upon the Defendants who were manufacturers, sellers, or distributors of toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogens to exercise their skills and judgment to select and furnish goods of a suitable and reasonably safe nature and to furnish products fit for the particular purposes intended and to be supplied in a merchantable condition.

Defendants and each of them breached their legal duties in that their products were not sold and furnished in a merchantable and reasonably safe condition and were

31

not fit for the particular purpose intended in accordance with the laws of the State of Mississippi.

As a direct and proximate result of the Defendants' aforesaid breaches and breaches of other legal duties owed to the Plaintiffs, the Plaintiffs have sustained injuries and damages as described in this complaint.

## DAMAGES

The conduct of Defendants, as alleged herein above, was a direct, proximate and producing cause of the damages resulting from the diseases and illnesses of Plaintiffs, and of the following general and special damages that Plaintiffs have sustained including but not limited to the following:

a. The conscious physical pain and suffering and mental anguish sustained by Plaintiffs;

b. The disabilities and physical impairments suffered by Plaintiffs;

c. The disfigurement suffered by Plaintiffs;

d. Reasonable and necessary hospital and/or medical and/or pharmaceutical and/or other necessary expenses incurred by Plaintiffs;

e. Plaintiffs' lost earnings and net accumulations;

f. The loss of the care, maintenance, services, support, advice, counsel and consortium which Plaintiffs and/or family members received from the Plaintiff prior to his or her illness;

32

g.   Plaintiffs' mental anguish caused by his extraordinary increased likelihood during his lifetime of developing (or the progression and/or recurrence of) chemical related diseases and other cancers, due to said exposure to products manufactured, sold and/or distributed by the named Defendants;

h.   The mental anguish suffered by Plaintiffs and/or Plaintiffs' family members as a consequence of observing the illness of their family member; and

j.   Plaintiffs seek punitive and exemplary damages.

## CONCLUSION

As a direct and proximate result of all the Defendants' breaches of their duties to the Plaintiffs as delineated in all counts above, the Plaintiffs sustained the chemical related injuries, diseases, illnesses and/or conditions set forth above including, but not limited to, pain and suffering, the undergoing of medical treatment and medical expenses, along with past and future disability, past and future impairment of wage earning capacity, lost wages, and diminution of quality and enjoyment of life including, but not limited to, mental anguish, fear, and severe emotional distress associated with knowing that there was no cure for the chemical related diseases and illnesses from which Plaintiff suffered.

In breaching their duties to the Plaintiffs, as described above, the Defendants have acted intentionally, with gross negligence, recklessly, maliciously or wantonly in that the Defendants knew or should have known through data available to them that

33

toxic and carcinogenic chemicals and substances, including but not limited to solvents, naptha, toluene, benzene, benzene containing products, vinyl chloride, and/or other carcinogens were inherently and extraordinarily dangerous if used in the manner intended or foreseen by the Defendants, and that their aforesaid breaches of duty would result in the complained of injuries and damages to the Plaintiffs, thus entitling the Plaintiffs to recover punitive or exemplary damages for the Defendants' outrageous conduct as set forth herein.

WHEREFORE, each Plaintiff herein demands judgment against the Defendants, jointly, severally, and collectively, for compensatory and punitive damages, costs, pre and post judgment interest, attorney's fees, and all other damages to which they are legally entitled, in an amount to be determined at trial but in no event less than Fifty (50) Thousand Dollars.

34

THIS, the 30th day of August, 2004.

Respectfully submitted,

LOUIS H. WATSON, JR. (MS No. 9053)

Attorney for Plaintiffs

OF COUNSEL:
**LOUIS H. WATSON, JR., P.A.**
520 East Capitol Street
Jackson, MS  39201
Telephone:   (601) 968-0000
Facsimile      (601) 968-0010

35